705 P.2d 1349

**Edgar C. WOOLISON, Plaintiff/Appellant,**

v.

**CITY OF TUCSON, a political subdivision of the State of Arizona, Defendant/Appellee.**

**No. 2 CA–CIV 5186.**

Court of Appeals of Arizona, Division 2.

March 4, 1985.

Review Denied Sept. 4, 1985.

Whitehill, Stolkin, Karp, West, Weiss & Berger, P.C. by Ronald J. Stolkin and Elaine C. Hardin, Tucson, for plaintiff/appellant.

Frederick S. Dean, Tucson City Atty. by Thomas J. Wilson, Tucson, for defendant/appellee.

## OPINION

BIRDSALL, Chief Judge.

This appeal is from a signed minute entry order of the Pima County Superior Court denying the appellant any relief in a special action proceeding. The trial court made requested findings of fact and conclusions of law. Rule 52(a), Rules of Civil Procedure, 16 A.R.S. The trial court also explained the reasons for its decision in the minute entry.

The appellant has been a commissioned Tucson police officer since 1961. In 1982 he applied for a non-commissioned position in the Tucson Police Department, as Evidence and Supply Supervisor (E and S). The opening had not been advertised publicly, only by internal department announcement. He was the only applicant and he was chosen for the position by the chief of police. He gave notice of his retirement as a commissioned officer. This retirement would have entitled him to receive benefits from the Public Safety Personnel Retirement System. Further, in his notice the appellant said, in part,

"I do this with the understanding that I will have no break in service with the City of Tucson. Also, I understand that I will retain my longevity and all related benefits."

This document signed by the appellant was labeled "Retirement/Transfer."

The appellant began working as the E and S supervisor on March 1, 1982. However, his transfer was never approved by the Personnel Department or the city manager. Although he continued to perform the duties of E and S supervisor he also continued to receive pay as a commissioned police officer which was greater than that for the non-commissioned supervisor position. In April his application for retirement benefits was withdrawn and he never received any such benefits. He is still an active participant in that system. The personnel actions for the transfer of the appellant were terminated by the police department upon being advised by the city attorney that the proposed action would violate Civil Service Rules and Regulations. The E and S position was subsequently advertised and by open competitive examination another person was selected for the position in May 1983. The appellant, at time of trial, was working in the Warrants Section as a commissioned officer. By his petition for special action the appellant sought to be permanently appointed as E and S supervisor.

The trial court's findings were consistent with the facts we have recited. In its conclusions of law the trial court noted that the relationship between a public employer and employee was governed by applicable statutes, ordinances, rules, and regulations creating the terms of employment. It then concluded that the relationship between the City of Tucson and its employees was governed by Chapter XXII of the City Charter, Tucson Code Chapter X, both entitled Civil Service, and the Tucson Civil Service Commission Rules and Regulations. The court held as a matter of law that the appellant had no property interest, entitlement, or vested right to employment as E and S supervisor.

In the minute entry the trial court explained:

"Basically, the final step necessary to legally accomplish the transfer of the plaintiff, i.e., approval by the City Manager, was not accomplished. The personnel action that was contemplated with respect to Mr. Woolison was, legally, a transfer rather than an appointment be-

cause it was, as executed, conditional upon his having no break in service with the City of Tucson and conditional upon his retaining his longevity and all related benefits.... Such transfer was not effective until approved by the City Manager, Civil Service Commission Rule X(d), the transfer from commissioned status to non-commissioned status being a transfer from one class to another as that term is defined by the City Code, Ch. 10, Sec. 3(5). The plaintiff, in short, was never legally appointed to or transferred to the position of civilian Evidence and Supply Supervisor.

Notwithstanding the plaintiff's ostensible retirement and ostensible commencement of employment as a civilian, the City is not estopped from denying that the plaintiff was transferred to civilian status because, among other reasons, any detriment suffered by the plaintiff was mitigated by the plaintiff's reinstatement to his previous commissioned position."

In the only issue presented on appeal the appellant contends that Woolison's voluntary demotion was not a transfer and therefore did not require the approval of the city manager.

We affirm.

The Civil Service Rules and Regulations were admitted as an exhibit at trial. Civil Service Rule X(1)(d) provides, in part, that all transfers from a position in another class are subject to review and approval from the city manager. The trial court found the transfer from commissioned to non-commissioned status is a transfer from one class to another. The City Code, Sec. 10–3(5), cited by the trial court defines classification.

"Sec. 10–3(5). *Classification* means a class of positions sufficiently similar as to duties performed, degree of supervision exercised or required, minimum qualifications and other characteristics that the same title, the same test of fitness, and the same schedule of compensation may be applied with equity to each position in the group."

The appellant contends that his move was not a transfer but rather a demotion. He points to Sec. 10–10(8) of the Code which requires that the Civil Service Rules and Regulations shall provide:

"For the transfer of employees from one position to another position in the same class or from a position in one class to a position in another class; provided, however, ... a transfer from one class to a position in another class which has a lower salary range shall be deemed a demotion which shall be accomplished *only* in the manner provided in the rules and regulations of the commission *for making demotions*." (emphasis added.)

Rule X, Sec. 1(a) of the Rules and Regulations then provides:

"An employee holding a position in any given class may at any time be transferred or request a transfer to another position in the same class, or to another position in another class which in accordance with the compensation plan is at the same salary range.... *Promotions and demotions shall be accomplished only in the manner provided elsewhere in these rules for promotions and demotions.*" (emphasis added.)

Rule XI of the same Rules and Regulations contains the procedure for voluntary demotions:

"(a) Upon written request from an employee, an appointing officer may demote such employee *to any class* of positions for which the employee is qualified. No such demotion however, shall be made unless there is a vacancy in the class to which the employee requests demotion. A copy of the employee's request and the *appointing officer's approval* thereof shall be filed with the Director." (emphasis added)

This reasoning does not apply in the instant case. Assuming, arguendo, that a department head (chief of police) could approve a demotion and the approval of the city manager was not required, the appellant sought much more than that. What he proposed and attempted to accomplish was retirement from his commissioned po-

lice officer position in order to draw his pension under the Public Safety Personnel Retirement System (A.R.S. §§ 38–841 to 855) and yet continue his city employment without a break in service. Because A.R.S. § 38–842(23) defines retirement as termination of employment, it is obvious that he could not accomplish his objectives. It was necessary that he, at least momentarily, cease to be a city employee. Had he actually terminated his employment, then he could neither be transferred nor demoted. The Civil Service Rules and Regulations, Rule V requiring advertised, competitive, open examinations would come into play and he would have to be certified for the position and selected over any other applicants.

In view of these considerations, the city did not abuse its discretion when it rejected his appointment by the chief of police to the E and S position. The trial court properly refused to grant relief in the special action.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.